Is that the correct pronunciation, by the way? I believe it is, Your Honor. Good morning, Your Honors. Daniel Barrow for Michael Feiz Medical Corporation. And this case is about a contradiction between what Scottsdale promised Dr. Feiz in its policy and what it takes away from that promise. And it says, and the district court agreed, that what it takes away means that what it promised to pay means it pays nothing. Well, just a minute. Sounds really good, but get to the issues. I don't want to interrupt you, but you better get to the issues, because why is this contract even ambiguous? Because there's a contradiction between what's in Clause A1, where it says, insurers shall pay the loss of the insureds. I understand what it says, but then it says that's the way all insurance contracts are written. They pay the loss, and then the loss does not include, and then the loss does not include the contractual obligations that you have entered into. That's what this clause says. That's not, I disagree that it's, it does say contractual obligations by saying that it does not include amounts owed under any employment contract. That's right. But it also says. And under this employment contract, there's no question it's the wages. There's no question it's also attorney's fees, if in fact you lose a case on attorney's fees. That's what this contract says. That's not, that the contract says that if you lose, if there's a suit and you lose, you pay attorney's fees. That's what it says, right? Right. So why is it not then, if I read the contract between you and the insurance company, and it's not at all ambiguous, it's absolutely straightforward. They're going to pay all loss, except they're not going to pay the losses under your employment agreement. And your employment agreement says they're not going to pay the wages. And it says they're not going to, that if there's attorney's fees that come up in the fighting of this employment contract, that that is going to be covered. Somebody is going to have to pay. This contract says they don't have to pay that because it's right in the agreement. The only thing I think they got a little bit of trouble with is the pre-judgment interest, if you will. That wasn't covered under the contract. I would disagree that there's no ambiguity. There is an ambiguity because they promise to pay the loss from a claim for the breach of an actual or implied employment agreement. I understood, but that's all they agree. All these insurance contracts agree to pay these losses, but they're exclusions. Or there are things that the loss does not cover. And it says right in there, the loss does not cover this physician employment agreement. And then I read the physician employment agreement. It says we don't pay the compensation, and it says attorney's fees are going to be done. And so if I read back to the contract, it says we're not going to pay the attorney's fees either. All the rest of the stuff, you got fair game. Well, we've got a contradiction between they're saying they're going to pay the loss that arises out of an employment agreement and Scottsdale's and the district court's interpretation of the exclusion of amounts owed under any employment agreement. What are the amounts owed under the employment agreement? You look back at cases like HealthNet that say the origin of that exclusion, which is read into any policy, even if it's not in the language of the policy, is if I've agreed to pay these wages, and I get sued for not paying those wages, and the arbitrator says you've got to pay those wages, then the payment of those wages isn't paying what you have to owe because of a loss because of a wrongful act. It's paying what you owe under the contract. So it excludes the amounts owed under any employment contract. So you're saying the ambiguity is in the language about the employment practices wrongful act? The ambiguity is in the exclusion from loss of amounts owed under any employment agreement when compared with the promise to pay the loss incurred by the insured or legally obligated to pay by the insured from breach of an actual implied employment agreement. If that loss includes not only what you agreed to pay, but also what you have to pay because there was a fight over it. But if it were taxes, fines, and penalties, would there be an ambiguity on that? Taxes, fines, exclusion of taxes, fines, or penalties. I mean, it seems to me there's a loss. We know what the loss is. If it's taxes, fines, or penalties, it's not going to be paid. If it's an amount owed as wages to any employee other than front pay or back pay, which is I, we know. All you're suggesting is if it's an amount owed under employment contract, a partnership contract, a stock or other ownership agreement, that's all of a sudden ambiguous. I can read the employment agreement. I can read exactly what it says. I know what's owed under it, what isn't owed under it. That seems to me to be excluded. Just clear as a bell. It depends on the definition of amounts owed under the contract, whether it means anything that's covered by the contract or specifically what you promised to pay. That isn't what it says. It says amounts owed under any employment contract. I look at these amounts owed under this employment contract. I read through it. There's no question compensation is there. It's under Section 4. There's no question attorney's fees is there. It's under Section 12. No question about what it is. It's just right there. Pretty clear. All I'm trying to do is have you respond, because you've got to argue. Haven't you got to win on this, that it's ambiguous or you can't win? Well, on that argument, the separate labor code argument, that doesn't depend on ambiguity. But yes, the first argument about the contradiction, that does depend on ambiguity. And I submit that there is an ambiguity here, because the loss, as defined by the policy, means damages, judgments, settlements, front pay and back pay, pre-judgment or post-judgment interest awarded by a court, and cost, charges, and expenses. Cost, charges, and expenses include costs and attorney's fees. That's defined, again, previously, as the attorney's fees. So? No question. There's nothing about pre-judgment interest here. Your colleague is going to have a tough time with me on that. I didn't see it. I don't care whether it arises from the wages or it doesn't. There's nothing in this contract about that. So it seems to me pretty clear. He pays those. So I agree. He pays the pre-judgment interest. But I'm also concerned with that almost half a million dollars in attorney's fees. And I would submit that if they say that they're going to pay the loss, the loss includes attorney's fees, but they're excluding amounts owed under an employment contract, there is a contradiction. And the case law says, when there's a contradiction between what the policy promises and what it takes away, that's an ambiguity you interpret in favor of coverage. That's to suggest there's an ambiguity. But if I take general contract and insurance policy law, insurance policy law usually does not pay for contractual liability. Insurance policy law pays for torts and all that kind of stuff. So in this particular situation, they've turned it on its head. They're going to pay for this contractual loss unless they exclude it. And they've got to exclude it unambiguously. Or I've got to say, whatever a reasonable interpretation is on the other side, they can make it, and they've got to pay for that as well. So again, I'm back to this question. Why is it ambiguous? It doesn't seem to me if this is an amount owed under an employment contract, and we all stipulate this is the employment contract, and it says what is owed there under, that that can somehow not be excluded. Because they promised to pay the loss. And if you interpret the exclusion to include everything that's a loss, including fees, costs, prejudgment, interest, which is Scottsdale's position, that is an ambiguity which is resolved for the insured. Now, if you do allow prejudgment interest, that does give us something. But if it's the- Well, under my clear interpretation, I don't know how they get around that. I realize that the district court wanted to somehow screw that in, or try to push it in, or make it into wages. That isn't wages. The contract doesn't say anything about that. Wouldn't have it in the contract if they weren't going to pay that. I think- I'm sorry. I think taking too much time, and I interrupted Judge- No, no, you actually asked the question, and he answered the question. So I'm good. OK, then I'll move on to the labor code argument, which is there's nothing in this policy that excludes what would be owed under the labor code claim that Dr. Miser made, and the arbitrator ruled in her favor on. And she would have been entitled under statute to attorney's fees, and costs, and prejudgment interest on that. She had been entitled to all of the attorney fees under the labor code, or just the attorney fees that dealt with the labor code violations? Well, we didn't even get to an issue of dividing it up between what was incurred for the labor code and what was for breach of contract. The Gravenman was the same. She wanted what was promised to her in wages, and she wanted penalties for not paying it on time. Everything here involves wages. So under the Vandenberg and Shade case, it doesn't matter that there was a contractual relationship out of which this arose. There was a cause of action for which fees, and costs, and prejudgment interest were available that was pleaded, and on which the underlying claimant found, and that was something on which Scottsdale had to pay. Unless there's any further questions, I'll reserve my last four minutes for rebuttal. Counsel? We'll hear from a closing counsel. We've got a preview of what you're going to be asked. I fully appreciate it. I took some good notes. This is Andrew Waxler, and I represent Scottsdale Insurance Company, and I appreciate your time this morning. Let's be clear here. There's no exclusion involved in this decision. There's no exclusion involved in this case. What we have is, I'm sorry. There is an interpretation of loss, right? There is, you're right. It's what Scottsdale promised to pay is loss, as that term is defined, for employment practices, wrongful acts. And so it's not unlimited. We didn't say we'd pay all damages. We didn't say we would pay certain aspects of it. We said we would pay, quote, loss. And that's defined, and that's what we paid, and that's what is at issue here, and that's all Scottsdale has to pay us. What's defined is loss. Where is the determination of loss that says that this loss is not pre-judgment interest? It doesn't say it in there, Your Honor, but we have to look at the award. Well, but if it isn't said, then it doesn't seem to me that you can suggest that it is not something you have to pay, because you say it's part of the loss. It could be interpreted as part of the amounts owed under a contract. Hang on just a minute. It says it's part of the loss. The absolute easy language is it's part of the loss. It means pre-judgment and post-judgment interest. That's what it means, under your contract. And there's not one part of your contract exclusions, and I just called it exclusions, just it does not include. Nothing says pre-judgment or post-judgment interest is not included. It doesn't matter whether it's awarded because you didn't pay the right wage. It doesn't say anything about it. But we also say we pay for damages, and yet we're able to scale back the damages we owe. Well, you are, because you put it in your contract. Well, just like we put it in the contract amount owed under any employment contract. Let's look at the award. The award talks about pre-judgment interest as an element of the contract damages. That's what's said by the arbitrator. It awards pre-judgment interest because of the contract. It uses 32. Only because that's what the statute in California said. If you wanted to not make that part of the loss, you should have put it in there. Well, we do. You're getting out because you don't have to pay the wages. You're getting out because you included attorney's fees. If you didn't want to pay pre-judgment interest, you could have put that in the contract. It's the same basis that we're not. Not the same basis. It's the same basis. If it were included, I would say it is. It's the same basis under which we're not paying attorney's fees. It's the same basis under which we're not paying costs. It's part of- Same basis on which you're not paying attorney's fees. I better award those, too. No, because the attorney's fees, the attorney, there's two separate- Because in my book, it's not the same. OK. You covered attorney's fees in the contract. We did. We did not cover- Did not talk about pre-judgment interest. You're right. But it's covered under California law. And it's a contractual damage. That's why it's not covered. It's a contractual damage under the law. But for the contractual damage, there wouldn't be pre-judgment interest owed. So it has to be a contractual damage. It's no different than loss of goodwill or- So why did you put it in, then, that you'd pay it? And then you just put amounts owed under unemployment contract. That says amounts owed under unemployment contract is ambiguous. And if it's ambiguous, then I'm going to take your opposition's idea of what that should mean. Not ambiguous at all, Your Honor. Amounts owed under a contract could include pre-judgment interest. That's how the statute reads. Well, if it had been in the contract, I'd please write with you. OK, it's not in the contract. So I'm with you there. Let's talk about Vandenberg. Isn't your argument, though, that pre-judgment interest is inextricably intertwined with wages, and it actually is wages? Because if I owed you $1,000 in 2005 for wages, but I don't make good on that until 2017, in order to make good on that, don't I have to account for all the interest that accrued so that the amount you're getting in 2017 is the equivalent of the amount that you were owed in 2005? Thank you, Your Honor. You said it much better than I did. It's the loss of use of money owed under a contract. They should have paid those wages in 2010. They didn't. So under the contract, she's entitled to be made whole from the money she should have gotten in 2010. And I'm just making up years. Where in this contract does it say that she gets interest for not having paid these wages? Doesn't say that, Your Honor. It's the loss of it. It's not in the contract. I've admitted that. It's not in the contract. It's a loss of use of money. But let's look at it from a different angle. Let's look at it from the Vandenberg angle that I've heard counsel mention. In the Vandenberg case, it says, you look at the nature of the event and the nature of the damages and the risk involved, and that controls coverage. Here, there's no doubt that this is all about a contractual dispute. The labor code violation makes up eight lines of a five-page or six-page award. It's barely mentioned. This is all about the contractual damages. In fact, the heading on prejudgment interest talks about breach of contract, prejudgment interest. And so Vandenberg says, if that controls, then this is part of the contract. This is a contract claim. And all the damages that flow from that should not be owed by Scottsdale. And if I can mention Health Net, I mean, Health Net is, aside from it being my case, Health Net is a decision where the court was very clear. If this deals with an amount owed under a contract, any costs, any attorney's fees, all of the things that derivatively flow from that contract would not be owed by ASLIC and the insurers to Health Net, because it all derives from the contract. It's the same kind of derivative nature that the court talked about in American National Union versus hospital affiliates, which we cite. If there's no other questions. I don't think so. Thank you very much. Actually, maybe I ask, so is there a cause of action for the wages, the back wages, under the labor code? I am not an employment practices lawyer, so I don't know this 100% certain, but I don't believe so.  Right, because I'm just drawing an analogy to Illinois just because that's where I'm from. So in Illinois, there's a statute called the Illinois Wage Payment and Collection Act. And what it basically is is a statutory contractual remedy where instead of just suing under the contract, you sue under the IWPCA, and the damages are the same. And I'm wondering if there's an analog in California under the labor code provisions, the 200 series, where in addition to getting the penalties for the late payments and the like, you could also just say, hey, I was owed $1,000 in wages, and therefore, that's what I get under the labor code. And I also get it under the contract, but of course, I can't collect it twice. I don't know, Your Honor, if there is a provision under the labor code that allows you to take the monetary amount owed as a wage. I do know there's obviously the penalties and things like that. There clearly wasn't any such labor code violation alleged here or sought here. I see. So the doctor here did not seek her lost wages under the labor code. She sought it only under the contract. Absolutely true. OK. Very well. Thank you very much, counsel. All right. The big windup. The big windup. Health Net did talk about the interest being inextricably part of what was owed under Health Net's insurance policies with its insureds and so not recoverable. But as I pointed out in my brief, it didn't, at least in the opinion, didn't talk about any language like the language in our insurance policy, which expressly says that loss includes pre- and post-judgment interest and expressly agrees to pay the loss. But getting back to what my colleague elicited from you, I gather you agree that if there is no ambiguity, you lose on that portion of the case. Is that right? Correct, Your Honor. And what is your best argument that there is a remedy for you under the California labor code? The best argument is that the California labor code was found to have been violated by the arbitrator. It was pleaded. The part of the statutory penalty under labor code section 218.5, 218.6 is attorney's fees, costs, and pre-judgment interest. So that wasn't awarded just, that was awarded to a plaintiff who won on the labor code. Even if she had never pleaded, reach a contract, she would have been entitled to those fees, costs, and interest for violation of those labor code sections. My understanding, we don't know from this record what that would be, that amount would be for the attorney's fees, costs, et cetera. Well, the whole thing was spent, all the attorney's fees No, I don't want you to hypothecate now. I mean, I read the record to try to figure out if I could find what the attorney's fees might be under this labor section, and I couldn't find anything. We don't want you to hypothecate in any event, because then you'd be, you'd have a lien. I'm sorry, we got Judge Smith giving me the business about my Idaho language a second time. But I don't want you to hypothesize about that. Well, I don't necessarily have to hypothesize under California law. If you can't separate out the attorney fee award for specific causes of action, the person who wins the attorney fees gets everything. So probably, they would have gotten everything. Did the doctor in this case have a cause of action under the labor code to recover the unpaid wages? I don't know of one. Well, I asked that incorrectly. Did the doctor in this case pursue her wages under the labor code in addition to pursuing them under the contract? Yes, she pursued them. She pursued them under the waiting time and the requirement that you pay an employee their wages once they quit or once they are fired. You give them what they're owed. And that's what she pleaded in her arbitration statement, the equivalent of her complaint. And the arbitrator found that there was a violation of those statutes. So let's say that the doctor did not bring a contract claim at all and just went under the labor code. In addition to getting the late payment penalties, could she also have recovered her wages under the labor code? I believe so, but I'm not sure. And did she, in fact, try to recover her wages under the labor code? And there's a reason I'm asking this, because it whether, in my view, Vanderburg applies. I believe that was what she sought in her arbitration statement and her arbitration brief. She wanted her money under any theory that she pleaded. So why did the arbitrator make his or her ruling based solely on contract with respect to the wages and not under the labor code? I don't know. I can't get into the arbitrator's mind, but I would think that once the arbitrator had awarded the wages under the breach of contract cause of action, there was no need to award them under the labor code cause of action, because the award had been made. OK, couldn't Fize at that point have said, OK, Mr. Arbitrator or Madam Arbitrator, I disagree that we owe the wages. However, if you're going to award the wages, could you please award them not just as a matter of contract, but also under the labor code? I don't know what the situation was at the arbitration, so I don't know if that could be requested solely for insurance purposes, perhaps. Arbitration's kind of like the Wild West. The rules are a lot looser. Unless there's any further questions. Thank you both, counsel, for your arguments. The case to target is submitted, and the court stands in recess for the day.
judges: M. Smith, N.R. Smith, Feinerman